UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TRACY DRAKE,**<br>    Plaintiff,<br><br>v.<br><br>**SPRING INDEPENDENT SCHOOL DISTRICT**[1]<br>    Defendant. | Civil Action<br><br>_____<br><br>Jury Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant SPRING Independent School District discriminated and retaliated against Plaintiff when Defendant, SPRING Independent School District, took adverse personnel actions against Plaintiff and continued to retaliate against Plaintiff after her employment was wrongfully terminated.

1.2. COMES NOW, TRACY DRAKE, (hereinafter referred to as "Plaintiff") complaining of and against SPRING ISD (hereinafter referred to as "Defendant" or "SPRING ISD"), and for cause of action respectfully shows the court the following:

### 2. PARTIES

2.1. Plaintiff is an individual who resides in Harris County, Texas.

2.2. Defendant SPRING ISD is an employer located in Harris County, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and

---

[1] Plaintiff was employed at Defendant's Duett Middle School which is listed on her EEOC charge.

PLAINTIFF'S ORIGINAL COMPLAINT

employs more than 20 regular employees and may be served by serving its Superintendent Dr. Rodney E. Watson, 16717 Ella Blvd., Houston, Tx 77090.

## 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendant maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and the Americans with Disabilities Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to the Americans with Disabilities Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to the American's with Disabilities Act, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and the American' with Disabilities Act, as amended.

3.6. Compensatory damages may be awarded pursuant to the Americans with Disabilities Act, as amended.

## 4. STATEMENT OF THE CASE

4.1. On August 7, 2016. Defendant discharged Plaintiff from her position as Registrar.

4.2. Defendant's agent, Ms. Pamela David, Director of Medical Leave stated that Plaintiff had exhausted her sick leave and did not qualify for temporary disability or reasonable accommodation6.

4.3. Plaintiff had engaged in this protected activity numerous times prior to the expiration of Family Medical Leave. Plaintiff repeatedly made these requests for accommodation to Ms. David and her assistant, Ms. Dorado.

4.4. Defendant wholly failed to engage in the good faith interactive process regarding accommodations as requested by Plaintiff.

4.5. Ms. David told Plaintiff her only options were to get terminated or resign. Ms. David made it clear no other options were available to Plaintiff.

4.6. Defendant discriminated and retaliated against Plaintiff for engaging in protected activity and because of her disability, report of disability or perceived disability. Defendant wholly failed to engage in the good faith interactive process regarding Plaintiff's requests for accommodations. Defendant violated the Americans with Disability Act, including Amendments Act of 2008 (ADAAA), as amended.

## 5. TIMELINESS

5.1. Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.[2]

## 6. ADMINISTRATIVE CONDITIONS PRECEDENT

6.1. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7. DAMAGES

7.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of

---

[2] It is important to note that while the DOJ right to sue letter was dated January 31, 2017, it was not post marked until February 10, 2017.

PLAINTIFF'S ORIGINAL COMPLAINT

income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8. ATTORNEY'S FEES

8.1. Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein including benefits;

9.1.2. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

9.1.3. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

9.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5. Pre-judgment interest at the highest legal rate;

9.1.6. Post-judgment interest at the highest legal rate until paid;

9.1.7. Damages for mental pain and mental anguish;

9.1.8. Compensatory damages;

9.1.9. Attorney's fees;

9.1.10. All costs of court expended herein;

9.1.11.   Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

/s/ Ellen Sprovach
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF